1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| JODEE CHAVELL GARRETT, SR., | Case No. CV 18-2137 PSG(JC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CORRECTIONAL OFFICER GRANT, et al., | |
| Defendants. | |

## I.     BACKGROUND AND SUMMARY

18
19
20
21
22
23
24
25

On March 14, 2018, plaintiff Jodee Chavell Garrett, Sr., a prisoner who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), formally filed a Civil Rights Complaint ("Complaint" or "Comp.")[1] pursuant to 42 U.S.C. § 1983 ("Section 1983") against the following defendants connected with the California State Prison, Los Angeles County ("CSP-LAC") where plaintiff is currently housed:  (1) Corrections Officer (C/O) Grant; (2) C/O Vela; (3) C/O Rios; (4) C/O Camacho; (5) C/O Ohaya; and (6) RN/Psych-

26
27
28

[1]As the pages of the Complaint are not sequentially numbered, the Court refers to pages as they are numbered on the docket in the Court's Case Management/Electronic Case Filing (CM/ECF) System.

Tech. D. Hese (collectively "defendants").  (Comp. at 1, 4-6).  Plaintiff sues all defendants in their individual capacities only, and seeks monetary relief.  (Comp. at 4-6, 11).

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II.   COMPLAINT

Construed liberally, the Complaint appears to allege the following essential facts:

Plaintiff is a convicted inmate patient who has been diagnosed with a serious mental illness.  (Comp. at 8).  His mental illness is long-standing and is expressly noted in his mental health file/records.  (Comp. at 8).  Plaintiff suffers suicidal ideations and has a long documented history of serious suicide attempts.  (Comp. at 8).

On August 3, 2017, plaintiff was housed in CSP-LAC administrative segregation cell #D-5-102.  (Comp. at 8).  At approximately 3:02 p.m., defendant C/O Grant was at plaintiff's cell door.  (Comp. at 8).  Plaintiff told C/O Grant: "I'm suicidal and need to talk to a psych."  (Comp. at 8).  C/O Grant quoted California Department of Corrections and Rehabilitation (CDCR) policy, regulations and procedures saying: "If you're suicidal then you should be stripped out & put into a holding cage and you don't get your property."  (Comp. at 8).  C/O Grant walked away, failing and refusing to follow the CDCR policy, regulations and procedures he had quoted.  (Comp. at 8).  C/O Grant did not return to plaintiff's cell.  (Comp. at 8).

Plaintiff and two other nearby inmates began kicking their cell doors, repeatedly yelling out loudly to defendant C/Os Vela, Rios, Camacho, and Ohaya, who were approximately ten feet away:  "Inmate in cell #102 is suicidal and needs help."  (Comp. at 8).  Defendants Vela, Rios, Camacho and Ohaya looked directly at plaintiff and heard his call for help but did nothing at all.  (Comp. at 8).

At approximately 3:20 p.m., plaintiff – who felt helpless and hopeless in light of the foregoing C/Os' deliberate indifference to his calls for help – attempted to commit suicide by cutting a 3 1/2 inch long gash, "passed the white mean," on his left wrist. (Comp. at 8). Over the course of the next four safety/wellness checks by on-duty officials between 3:30 and 5:30 p.m., plaintiff showed his bloody injury to C/Os Vela, Rios, Camacho and Ohaya, told them that he had attempted to commit suicide, and asked for medical help. (Comp. at 8-9). All four of these defendants looked at plaintiff's bloody injury and failed/refused to call for the medical or mental health staff. (Comp. at 9).

At approximately 6:00 p.m., during medication rounds, plaintiff showed his bloody injury to defendant RN/Psych Tech D. Hese and defendant C/O Rios and asked for medical help due to his suicide attempt. (Comp. at 9). Defendant Hese told plaintiff to wait until Hese finished passing out the other inmates' medications. (Comp. at 9). However, neither Hese nor C/O Rios came back to help plaintiff. (Comp. at 9).

At approximately 6:40 p.m., C/O Castellanos (not a defendant) came by plaintiff's cell to do a safety check. (Comp. at 9). Plaintiff showed C/O Castellanos plaintiff's bloody injury and told him about plaintiff's suicide attempt. (Comp. at 9). C/O Deras (not a defendant) then came and took plaintiff to the housing unit nurse's office where RN Jones (not a defendant) cleaned the gash and held it closed while RN Ahohas (not a defendant) applied five butterfly sutures to it, saying "they [couldn't] send [plaintiff] to the clinic because no one was there to treat [him]." (Comp. at 9).

Plaintiff claims that defendants were deliberately indifferent to his serious mental and physical health needs and that they deprived him of his Eighth Amendment right to adequate medical and mental health care, his Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to equal protection of the law. (Comp. at 7-9).

3

# III. PERTINENT LAW

## A. The Screening Requirement

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c); Byrd v. Phoenix Police Department, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states a Section 1983 claim that is viable (*i.e.*, capable of succeeding), the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555). In addition, under Rule 10 of the Federal Rules of Civil Procedure, a complaint, must (1) state the names of "all the parties" in the caption; (2) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (3) where "doing so would promote clarity," state "each claim founded on a

4

separate transaction or occurrence . . . in a separate count. . . ." Fed. R. Civ. P. 10(a), (b).

To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 135 S. Ct. 346, 347 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility"). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth, 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis.") (citing Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

///

In general, civil rights complaints are interpreted liberally in order to give *pro

*se* plaintiffs "the benefit of any doubt." <u>Byrd</u>, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), <u>cert. denied</u>, 516 U.S. 838 (1995); <u>see also</u> <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. <u>Cafasso v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

### B.    Section 1983 Claims

To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. <u>Iqbal</u>, 556 U.S. at 676 (citing, *inter alia*, <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 691 (1978)). Hence, a government official may be held liable under Section 1983 only when such official's own actions have caused a

constitutional deprivation. <u>OSU Student Alliance v. Ray</u>, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing <u>id.</u>), <u>cert. denied</u>, 571 U.S. 819 (2013).

An individual government official "causes" a constitutional deprivation when such official (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

## C. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "the infliction of 'cruel and unusual punishments' on those convicted of crimes." <u>Wilson v. Seiter</u>, 501 U.S. 294, 296-97 (1991) (citation omitted). Prison officials violate the Eighth Amendment, in part, when they respond with deliberate indifference to an inmate's serious medical or mental health needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted); <u>Conn v. City of Reno</u>, 591 F.3d 1081, 1095 (9th Cir. 2009), <u>judgment vacated on other grounds</u>, 563 U.S. 915 (2011), <u>and opinion reinstated in relevant part</u>, 658 F.3d 897 (9th Cir. 2011) (citing, in part, <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994)); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

///

An inmate's medical need is sufficiently "serious" if, objectively, the failure

to treat it "will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal quotation marks omitted), cert. denied, 135 S. Ct. 946 (2015). "A heightened suicide risk or an attempted suicide is a serious medical need[]" for Eighth Amendment purposes. Conn, 591 F.3d at 1095 (citing, *inter alia*, Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991) ("A 'particular vulnerability to suicide' represents a 'serious medical need.'")).

A prison official acts with deliberate indifference when the official is subjectively aware of an "excessive risk to inmate health" (*i.e.*, a serious medical need), and *purposefully* ignores or fails to take reasonable measures to abate the risk. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted); Conn, 591 F.3d at 1095 (citing Farmer, 511 U.S. at 828). A defendant's alleged indifference must be "substantial." Estelle, 429 U.S. at 105-06; Lemire v. California Department of Corrections and Rehabilitation, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted). Mere negligence or civil recklessness does not violate the Eighth Amendment. See Farmer, 511 U.S. at 835-47 (citations omitted). "Even gross negligence is insufficient . . . ." Lemire, 726 F.3d at 1082 (citation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Colwell, 763 F.3d at 1066 (quoting Farmer, 511 U.S. at 837) (quotation marks omitted). That an official "*should* have been aware" of a particular risk to an inmate, but was not, does not establish an Eighth Amendment violation "no matter how severe the risk." Peralta, 744 F.3d at 1086 (citation and internal quotation marks omitted; emphasis in original).

A prisoner need not prove that he or she was completely denied medical care. Lopez v. Smith, 203 F.3d at 1132. Rather, deliberate indifference may be "manifested . . . by prison guards in intentionally denying or delaying access to medical care. . . ." Estelle, 429 U.S. at 104-05 (footnotes omitted). A deliberate

indifference claim based on delay in providing needed medical treatment also requires proof that the alleged delay caused the plaintiff additional harm. See Shapely v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (citing Estelle, 429 U.S. at 106); see, e.g., McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992) (unnecessary continuation of prisoner's "pain and anguish" was sufficient "harm" to support Section 1983 claim predicated on delay in medical treatment), overruled on other grounds by WMX Technologies, Inc., v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). Mere disagreement with a defendant's professional judgment concerning what medical care is most appropriate under the circumstances, however, is insufficient to show deliberate indifference. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted). Hence, the medical care a defendant provided to an inmate amounts to deliberate indifference only if the course of treatment actually provided "was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to plaintiff's health." Colwell, 763 F.3d at 1068 (citations and internal quotation marks omitted).

To show deliberate indifference in prison suicide cases, a plaintiff must allege that a specific defendant actually knew that the inmate was "in substantial danger" of "*imminent* suicide[]" and deliberately failed to take reasonable precautionary measures. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010) (emphasis in original; citation and quotation marks omitted); see also Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.")..

### D.     Fourteenth Amendment – Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985), abrogated on other grounds as

9

explained in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). A Section 1983 claim predicated on an equal protection violation may be alleged, in pertinent part, under two theories. First, a plaintiff may state an equal protection claim by alleging that he was intentionally discriminated against based upon his membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), implicitly abrogated in part on other grounds as explained in Galbraith, 307 F.3d at 1125-26; see also Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). Alternatively, if the challenged action did not involve a suspect classification, a plaintiff may still state an equal protection claim essentially by alleging that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).

**IV.  DISCUSSION**

Here, the Complaint is deficient in multiple respects, including those detailed below.

First, the Complaint violates Rule 10 because, among other things, it does not (1) name all of the defendants in the caption; or (2) allege claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a)-(b); see, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992).

Second, the Complaint violates Rule 11 of the Federal Rules of Civil Procedure because it is not signed by plaintiff or by a licensed attorney on his behalf. See Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless

10

the omission is promptly corrected after being called to the attorney's or party's attention.").

Third, the Complaint does not state a viable Eighth Amendment deliberate indifference claim against defendant Grant. Assuming, for purposes of analysis, that the Complaint adequately alleges a serious medical need (*i.e.*, a heightened risk of imminent suicide), plaintiff does not plausibly allege that defendant Grant responded with deliberate indifference under the circumstances. Plaintiff does allege that he has "a diagnosed serious mental illness . . . that is long standing and expressly noted in [his] mental health [] records[,]" that plaintiff "suffer[s] suicidal ideations" and has "a long documented history of serious suicide attempts due to [his] mental illness," and that plaintiff had been housed "at the E.O.P. (Enhanced Outpatient Program) Mental Health Services level of care." (Comp. at 8). The Complaint, however, does not allege that defendant Grant actually knew about plaintiff's mental health history or suicide attempts at any relevant point in time. Nor does the Complaint plausibly allege that defendant Grant was otherwise subjectively on notice that plaintiff was "in substantial danger" of imminently killing himself. Plaintiff alleges that while defendant Grant was at plaintiff's cell door plaintiff had personally stated, "I'm suicidal and need to talk to a psych." (Comp. at 8). The Complaint, however, does not plausibly allege that defendant Grant actually inferred from such statement that plaintiff was actively suicidal and needed immediate medical attention at the time. In fact, the allegation that plaintiff had asked simply to speak to a mental health provider (rather than be hospitalized) because he was "suicidal" suggests that plaintiff himself did not believe that he was "on the brink of killing himself" while he was talking to defendant Grant. In addition, allegations that defendant Grant had responded to plaintiff simply by quoting CDCR policy regarding suicidal inmates, at most, suggests that defendant Grant was aware of the policy, not that the defendant had, in fact, inferred that the policy was immediately applicable to plaintiff. Indeed, it can be inferred from the

11

allegation that defendant Grant just "walked away" after reciting the CDCR policy that he had concluded that plaintiff was not actually then suicidal. While it is *possible* that defendant Grant inferred otherwise, such possibility alone does not *show* that defendant Grant was subjectively aware that plaintiff was acutely suicidal. Plaintiff's boilerplate allegations that defendant Grant "was informed by the inmate/plaintiff of the suicidal condition & risk," that defendant Grant "must had [sic] taken reasonable measures to prevent the suicide attempt from occurring, which this [defendant's] own statement proved he was aware of but was egregiously deliberately indifferent to and did nothing at all. . ." (Comp. at 8) are insufficient to state a civil rights claim under Section 1983. See Pena, 976 F.2d at 471 (citation omitted); see also Iqbal, 556 U.S. at 680-84.

To the extent plaintiff alleges that defendant Grant or any other defendant merely failed to follow "CDCR policy, regulation [and] procedure" (Comp. at 8), the Complaint does not state a viable Section 1983 claim. See Peralta, 744 F.3d at 1087 (failure to follow prison procedures, by itself, not enough to establish a constitutional violation) (citations omitted); see, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (violations of "CDCR operations manual" or other "state departmental regulations," without more, "do not establish a federal *constitutional* violation") (citations omitted; emphasis in original); Case v. Kitsap County Sheriff's Department, 249 F.3d 921, 930 (9th Cir. 2001) (without more, violation of otherwise constitutional state statute, regulation, or internal prison policy does not establish liability under Section 1983 for deprivation of federal constitutional right) (citations omitted)

Fourth, the Complaint does not state viable deliberate indifference claims against defendants Vela, Rios, Camacho, or Ohaya. Allegations that plaintiff and two nearby inmates kicked their cell doors and yelled loudly "inmate in cell #102 is suicidal and needs help" and that "the specific officers [were] standing approx[imately] ten feet away" and each "look[ed] directly at plaintiff" (Comp. at

8), do not plausibly suggest that any one of the four individual defendants actually drew an inference that at that time plaintiff was in substantial danger of imminently attempting suicide. Conclusory allegations that each of the defendants "was informed by the inmate/plaintiff of the suicidal condition & risk . . . [and] this official's response of looking directly at plaintiff proved he heard the calls for help but was egre[g]iously deliberately indifferent to and did nothing at all. . ." (Comp. at 8) do not otherwise establish deliberate indifference. See Pena, 976 F.2d at 471 (citation omitted).

Similarly, conclusory allegations that plaintiff subsequently "showed [his] bloody injury" to defendants Vela, Rios, Camacho, or Ohaya and "asked for medical help [] to no avail" (Comp. at 8) are insufficient to plausibly show that plaintiff's alleged injury was an objectively sufficiently serious medical need or, if so, that any specific defendant subjectively knew as much but purposely failed to summon and/or provide adequate medical attention for plaintiff. Also, conclusory allegations that "[a]ll four of the [defendants] . . . looked at [plaintiff's] bloody injury and failed/refused to call for the medical or mental health staff" (Comp. at 9), without more, do not show that plaintiff in fact had required immediate medical attention at the time he requested it, much less plausibly suggest that any specific defendant failed to take reasonable preventive measures under the circumstances. Cf., e.g., Allen v. Roberds, 2017 WL 445737, *2 (E.D. Cal. Feb. 1, 2017) ("The fact that defendants did not immediately respond verbally to plaintiff, after he told them he was suicidal, is not enough to state a claim under the Eighth Amendment."). Similarly, conclusory allegations that plaintiff had "informed [each defendant] of [plaintiff's] suicide attempt" do not plausibly suggest that plaintiff had been at "acute risk of suicide" or that any specific defendant actually knew as much at the time.

///

Moreover, plaintiff does not plausibly allege that any defendant's actions or

13

omissions caused plaintiff injury. The Complaint alleges that later in the same day plaintiff was taken to the housing unit nurse's office for treatment and plaintiff was told that he could not be sent to "the clinic because no one was there to treat [plaintiff]." (Comp. at 9). The Complaint allegations do not plausibly suggest that the timing of the treatment provided "was medically unacceptable under the circumstances" or that plaintiff suffered any significant pain or additional injury because plaintiff had not received attention or treatment for his injury earlier in the day.

Fifth, the Complaint also does not state a viable deliberate indifference claim against defendant Hese. Conclusory allegations that plaintiff "showed [his] bloody injury" to defendant Hese and "asked for medical help due to [plaintiff's] suicide attempt" (Comp. at 9) does not show that such defendant actually knew that plaintiff had a sufficiently serious medical need at the time. In fact, it can be inferred from plaintiff's allegation that defendant Hese had said that plaintiff needed to "wait until [the defendant] finish[ed] passing out every other inmates' medications" that such defendant actually believed that plaintiff did not require immediate medical attention under the circumstances, and thus did not intentionally disregard a serious medical need of which such defendant was subjectively aware. In addition, allegations that defendants Hese and Rios "did not come back to help [plaintiff] at all[]" at most suggest that such defendants acted negligently – which is insufficient to state a Section 1983 claim predicated on an Eighth Amendment violation. See, e.g., Farmer, 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence") (citation omitted).

Sixth, the Complaint fails to state a viable Fourteenth Amendment equal protection claim against any defendant. Plaintiff does not allege that he was intentionally discriminated against on the basis of membership in a protected class. Nor does plaintiff allege that he is a member of an identifiable class and was intentionally treated differently from others similarly situated without a rational

14

basis.

Finally, to the extent plaintiff suggests that he has stated a Section 1983 claim based on the exhibits filed with the Complaint, he is incorrect.  It is not the Court's responsibility to hunt through such exhibits in an attempt to determine whether plaintiff might have some adequate basis for bringing a civil rights action in federal court.  Cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.") (cited with approval in Knapp v. Hogan, 738 F.3d 1106, 1111 (9th Cir. 2013), cert. denied, 135 S. Ct. 57 (2014)), cert. denied, 540 U.S. 968 (2003).

In light of the foregoing, dismissal of the Complaint with leave to amend is appropriate.  See Knapp, 738 F.3d at 1109 & n.1 (violations of Rule 8's "short and plain statement" requirements "warrant dismissal"); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery."); Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable."); see also Cafasso, 637 F.3d at 1059 ("pleading that [is] needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling" violates pleading requirements under Federal Rules of Civil Procedure) (citation and internal quotation marks omitted).

///

///

///

## V. ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1.  The Complaint is dismissed with leave to amend.  If plaintiff intends to pursue this matter, plaintiff shall file a First Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[2] The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if plaintiff elects to proceed in that fashion.

2.  In the event plaintiff elects not to proceed with this action, plaintiff shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

///
///
///
///
///
///
///

---

[2] Any First Amended Complaint must:  (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (i) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a)); (j) be signed by plaintiff (Fed. R. Civ. P. 11(a));  and (k) not add defendants or claims without leave of court, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).

16

**3.** Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal, may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the Court's Order.

IT IS SO ORDERED.

DATED: 7/18/18

_____

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Attachments

Presented this 16th day of July 2018 by:

_____/s/ Jacqueline Chooljian_____

HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE